IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMETRIUS J. HAWKINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:08cv418-WHA |
| | ) |
| UNITED STATES OF AMERICA, | )                (WO) |
| | ) |
| Respondent. | ) |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #29), together with the Petitioner's Objections (Doc. #32).

The court has conducted an independent and *de novo* review of this matter, and having done so, finds the objections, based on alleged ineffective assistance of counsel at trial, to be without merit.

In his objections to the recommended denial of his § 2255 motion, Hawkins, through counsel, presents the following arguments:

**1.    Speedy Trial**

Hawkins reasserts his claims that his trial counsel rendered ineffective assistance by failing to protect his right to a speedy trial between the mistrial declared at the conclusion of his first trial and the commencement of his second trial.  (Objections at pp. 1-3.)

In this regard, Hawkins argues that this court erred in crediting statements by trial counsel in his affidavit over Hawkins's own claims that he advised his trial counsel that he wanted to exercise his right to a speedy trial as to a retrial and also told counsel that he did not want any continuances in the proceedings.  Hawkins suggests, without forthrightly alleging, that his trial counsel forged Hawkins's signatures on speedy trial waivers filed with the court and also filed a speedy trial waiver that contained Hawkins's electronic signature without Hawkins's knowledge or consent.

As noted in the Magistrate Judge's Recommendation, even if Hawkins had not expressly waived his speedy trial rights and had, as he claims, informed his counsel that he wanted no continuances in the retrial, the trial court granted two "ends of justice" continuances (which were supported with on-the-record findings) based either in part or entirely on continuances requested by Hawkins's codefendant, Terrence Cornelius, with whom Hawkins was jointly tried.  (See Recommendation at pp. 21-22.)  Title 18 § 3161(h)(7)(A) provides that, for purposes of the Speed Trial Act, any period of delay resulting from a continuance granted on the basis of the trial court's findings that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" shall be excluded in computing the time within which a trial must commence.  *See* 18 U.S.C. § 3161(h)(7)(A).  Section 3161(h)(7) permits reasonable delays caused by one codefendant in a joint trial to be attributed to all other codefendants.  *See United States v. Davenport*, 935 F.2d 1223, 1236 (11th Cir. 1991).

When the period of delay resulting from the "ends of justice" continuances is excluded from consideration, Hawkins's retrial was held within 70 days of the mistrial and was therefore timely under the requirements of the Speedy Trial Act.

**2.     Cell Phone Records**

Hawkins also reasserts his claim that his trial counsel was ineffective for failing to move to suppress testimony from a Cingular Wireless records custodian, Toby Boutwell, who testified at his second trial about call activity to and from Houston, Texas, in January 2006, from a cellular telephone number that was identified as belonging to Hawkins. (Objections at pp. 3-4.)  As noted in the Recommendation, Hawkins failed to set forth any specific grounds upon which such testimony should have been suppressed. (Recommendation at p. 22.)  As also noted in the Recommendation, although Hawkins did point to an instance where counsel for codefendant Cornelius was successful in excluding certain *other* evidence from the first trial, "the successfully excluded evidence was unrelated to the evidence regarding Hawkins's cell phone that was admitted through Boutwell's testimony at the second trial, and the grounds upon which the different evidence was excluded from the first trial did not apply at the second trial and were clearly inapplicable to the evidence introduced through Boutwell's testimony." (Recommendation at pp. 22-23.)  Hawkins fails to show that the cell phone records were inadmissible or that his counsel should have moved to suppress them.

**3.     Severance**

3

Hawkins reasserts his claim that his trial counsel was ineffective for failing to move for a severance of his trial from that of codefendant Cornelius. (Objection at pp. 4-5.) In support of this claim, Hawkins submtited a copy of a letter purportedly from Cornelius, dated June 3, 2007, in which Cornelius stated that Hawkins was not involved in the drug conspiracy and that he "tried to clear [Hawkins's] name early on, but my lawyer advised me not to since I was going to trial."

As noted in this court's Recommendation:

> The statements by Cornelius in the letter submitted by Hawkins do not support Hawkins's contention that Cornelius would have testified in his defense. In fact, by Cornelius's own admission in the letter, Cornelius followed his counsel's advice *not* to clear Hawkins's name, because he was also being tried for the conspiracy, and testimony on behalf of Hawkins may not have been in his own interest.

(Recommendation at p. 24.) As the Magistrate Judge also noted:

> [W]hile Cornelius states in the letter that Hawkins was not involved in the conspiracy, Cornelius does not plainly acknowledge his own guilt as to the offense. Thus, the letter is not even necessarily against Cornelius's penal interests (and even less so since Cornelius had already been convicted by the time he authored the letter).

(Recommendation at p. 24.)

This court agrees with the Magistrate Judge that, under the circumstances, Hawkins's allegations fail to establish that Cornelius would indeed have testified on his behalf at a separate trial and fail also to show the substance of the exonerative testimony

Cornelius would have provided.[1] Hawkins's conclusory assertions in this regard failed to show that his trial counsel's failure to move for a severance of his trial from that of Cornelius was professionally unreasonable or that he was prejudiced as a result of counsel's performance.

### 4. Offense Level in the Presentence Report

Hawkins reasserts his claim that his trial counsel rendered ineffective assistance at his sentencing by failing to object to the erroneous offense level attributed to him in the presentence report. (Objections at pp. 5-7.) Hawkins maintains that his offense level as a career offender should have been 32, and not 34 as set forth in the presentence report.

The law is unclear whether, as Hawkins argues in his § 2255 motion, that for purposes of the career offender provisions of U.S.S.G. § 4B1.1(b), the "statutory maximum" is not based on the amount of controlled substance involved in the offense of conviction and the conspiracy as a whole, but rather is determined by the jury's finding on a special verdict form as to the amount of controlled substance with which the defendant was involved. However, as noted in this court's Recommendation, even if Hawkins is correct in this regard, he is not entitled to relief based on this claim. (Recommendation at pp. 30-31.) As noted in the Recommendation:

---

[1] *See United States v. Machado*, 804 F.2d 1537, 1544 (11th Cir. 1986) ("A defendant who moves for severance in order to enable him to obtain favorable testimony from a codefendant must show: (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the codefendant would indeed have testified at a separate trial.").

> After considering 18 U.S.C. § 3553 and upon finding that the sentence suggested by the Sentencing Guidelines was greater than necessary to comply with the statutory purposes of sentencing, the trial court sentenced Hawkins to 140 months in prison, varying downward substantially from the sentence called for under the Sentencing Guidelines – whether the guideline sentence range was based on an offense level of 34 (providing a range of from 262 to 327 months for career offenders) or an offense level of 32 (providing a range of from 210 to 262 months for career offenders). ...
>
> The sentence actually imposed by the court – 140 months – was 70 months lower than the 210-month sentence provided for at the bottom end of the guideline range for career offenders with an offense level of 32. Thus, even if Hawkins's counsel had objected to the guideline offense level of 34 attributed to Hawkins in the PSI and had then prevailed with the argument that the correct guideline offense level for Hawkins should have been 32, it does not stand to reason that Hawkins would have received any benefit from counsel's actions. Stated differently, Hawkins has not shown that he was prejudiced by his counsel's failure to argue for an offense level of 32 when the trial court varied downward by 70 months from the lowest sentence provided by the Sentencing Guidelines for a career offender with an offense level of 32. Hawkins engages in pure speculation when he suggests that the trial court might have varied downward even further, below the 140-month sentence that it imposed, had it been persuaded that Hawkins's correct offense level was 32 and that the correct guideline range was therefore 210 to 262 months. Because Hawkins cannot demonstrate prejudice resulting from his counsel's performance in this regard, he is not entitled to any relief based on this claim of ineffective assistance of counsel.

(Recommendation at pp. 31-32.)

This court agrees with the Magistrate Judge's conclusion that Hawkins has not shown prejudice resulting from the alleged ineffectiveness of counsel as to this matter, and that Hawkins has not demonstrated his entitlement to relief.

The court further finds no justification for holding an evidentiary hearing in this case and agrees with the Magistrate Judge's conclusion that such a hearing is not required.

Therefore, it is hereby ORDERED as follows:

1. Petitioner's objections are OVERRULED.

2. The Recommendation of the Magistrate Judge is ADOPTED.

3. Petitioner's request for an evidentiary hearing is DENIED.

4. Petitioner's 28 U.S.C. § 2255 motion is DENIED.

5. Judgment will be entered accordingly.

DONE this 9th day November, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE